IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARK CHAPMAN HARRIS, pro se and on behalf of others similarly situated, : : : : | |
| Plaintiff, : : | CIVIL ACTION NO. 2:12-CV-00261-RWS |
| v. : : | |
| LEE MOAK and the AIRLINE PILOTS ASSOCIATION, : : : | |
| Defendants. : | |

## ORDER

On November 5, 2012, Magistrate Judge J. Clay Fuller entered an Order [2] permitting Plaintiff to proceed in forma pauperis. The case subsequently was submitted to this Court for review of the Complaint under 28 U.S.C. § 1915(e)(2)(B).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In this case, the Complaint purports to raise claims for "Denial of Fair Representation,

AO 72A
(Rev.8/82)

Breach of Fiduciary Duty, and Invasion of Privacy." (Dkt. [3] at 1.) In support of these claims, Plaintiff alleges the following facts:

- [T]he Airline Pilots Association (ALPA) . . . has failed in its fiduciary duty to represent the Plaintiff, subjected him to gross violations of his privacy, and pressured him to remain silent.

- Based on past reports, [ALPA] has refused in the past to assist other pilots in addressing the criminal conduct of FAA doctors Michael Berry and Warren Silberman.

- . . . [T]he Plaintiff has sought assistance from [ALPA] in correcting records and wrongdoing by participants of a FAA substance abuse program created by that union which is riddled with corruption.

- No assistance whatsoever has been provided, and in fact Plaintiff has been repeatedly pressured to remain silent, not ask questions, and to quietly let his rights be violated and career ruined by unethical doctors in a program created by ALPA.

- The Plaintiff's private and confidential records have been disseminated without releases by a union official in the program.

- A union official engaged in gross invasion of Plaintiff's privacy.

- Medical tests were performed on the Plaintiff ordered by a contractor retained by that individual without releases. The Plaintiff was pressured to sign releases after the fact.

2

(Compl., Dkt. [3] at 1.)  Plaintiff seeks, among other relief, "injunctive relief for invasions of privacy by ALPA" and "a refund of union dues paid since 2001." (Id. at 2.)

The Court finds the Complaint subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.[1] Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This rule "does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotes and citation omitted).  A pleading that offers only "'labels and conclusions'" or "'naked assertions' devoid of 'further factual enhancement'" does not suffice. Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).  On the contrary, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

---

[1] "The standards governing dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to § 1915(e)(2)(B)." Abram-Adams v. Citigroup, Inc., 491 F. App'x 972, 974 (11th Cir. 2012).

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

In this case, Plaintiff fails to allege sufficient facts to state a plausible claim for relief. Although the Complaint alleges that ALPA failed to correct or protect Plaintiff from wrongdoing perpetrated in connection with a substance abuse program, and engaged in its own wrongdoing by invading Plaintiff's privacy and pressuring Plaintiff to remain silent, these allegations are too vague and conclusory to raise the right to relief above the speculative level. Moreover, Plaintiff has alleged no facts pertaining to the individual Defendant, Lee Moak. Finally, Plaintiff does not cite any legal authority demonstrating how the facts alleged in the Complaint give rise to claims for "Denial of Fair Representation, Breach of Fiduciary Duty, and Invasion of Privacy."

Accordingly, the Complaint is subject to dismissal under section 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Given Plaintiff's pro se status, however, the Court will allow Plaintiff to replead his claims with greater specificity to satisfy the pleading standards articulated above. Plaintiff shall file an Amended Complaint within **fourteen days** of the date of entry of this Order. Failure to do so will result in dismissal under

AO 72A
(Rev.8/82)

section 1915(e)(2)(B).  Similarly, should Plaintiff's Amended Complaint fail to state a plausible claim for relief, it will be dismissed pursuant to section 1915(e)(2)(B).

    **SO ORDERED**, this  10th  day of April, 2013.

                                              _____
                                              RICHARD W. STORY
                                              UNITED STATES DISTRICT JUDGE